UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RANDALL JENNETTE,                     :
                                      :
                    Petitioner        :
        vs.                           :       CIVIL NO. 1:CV-15-1643
                                      :
JOHN WHITSELL, *et al.*,              :       (Judge Caldwell)
                                      :
                    Respondents       :


*M E M O R A N D U M*

I.    *Introduction and Background*

        On August 19, 2015, the pro se petitioner, Randall Jennette, an inmate at the

state correctional institution in Mercer, Pennsylvania, filed a petition for a writ of habeas

corpus "for relief from a sentence and conviction by a person in state custody . . . ." (Doc.

1, Pet.)  Jennette is currently in the custody of the Pennsylvania Department of

Corrections pursuant to a judgment of the Court of Common Pleas of Dauphin County,

Pennsylvania, after he was convicted of two counts of unsworn falsification to authorities

and two counts of tampering with public records/information.  He was sentenced to an

aggregate term of eight to sixteen years.  *See Commonwealth v. Jennette*, CP- 22-CR-

004413-2007 (Pa. Ct. Com. Pl. Dauphin Cnty.).

        In his petition, Jennette asserts that pursuant to Fed. R. Civ. P. 60(b)(5) he is

entitled to be released "upon satisfaction of payment of penal bond."  (Doc. 1, ECF p. 1).

Jennette attaches what he has styled a "Certificate of Default" that he filed in an action he

describes as *Jennette v. Wetzel, et al.*, No. 2014-CV-04249 (Pa. Ct. Com. Pl. Dauphin

Cnty.).  *See* Doc. 1, ECF p. 2.  Petitioner claims that in that civil matter "Judge Sacavage has defaulted upon the Conditional Acceptance of Order dated 12/8/14" and has thereby subjected Pennsylvania "to its full commercial liability" "in the sum certain amount of $100,000,000,000.00 dollars.  Due to failure to answer or otherwise plea (sic)."  (*Id.*) Petitioner requests that he be released from custody and that the default be reduced to judgment.

Because Petitioner is challenging his custody under a state-court conviction, the petition is cognizable under 28 U.S.C. § 2254.  And because Petitioner presents no grounds justifying release from custody under his sentence, the petition will be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254.

## II.    *Discussion*

"The Supreme Court, a Justice thereof a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.

Here, although Jennette seeks his release from prison, a review of the petition and attached exhibits show that his habeas petition argues for the validity of a default by the Commonwealth of Pennsylvania in a matter unrelated to the lawfulness of his criminal conviction or sentence; it does not argue he is in custody in violation of federal law.  Accordingly, the court will dismiss the instant § 2254 petition.

We will issue an order denying the section 2254 petition.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his 2254 petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.


/s/ William W. Caldwell
William W. Caldwell
United States District Judge


Date: September 1, 2015